## Daniels, et al. v. Runyons.

(Decided April 23, 1915.)

### Appeal from Pike Circuit Court.

1. Bills and Notes—Action Upon Note—Merger of Into Judgment.— In a suit on a note, where judgment is rendered, the note is merged in the judgment, and suit may not thereafter be maintained on the note; but where a second suit is instituted on the note and personal judgment rendered thereon to which there is no exception, and from which there is no appeal the defendant cannot get the benefit of this on appeal from another judgment in the same action, subjecting her property to the payment of the note.

2. Attachment—Levy—Lien.—Under the provisions of Section 212 of the Civil Code an attachment binds the defendant's property in the county where it is issued, which might be seized under an execution from the time of the delivery of the order to the sheriff just as an execution would; and the lien thereby acquired may be thereafter perfected by an actual levy upon the property.

3. Deeds—Execution of Without Delivery.—The mere execution of a deed by a grantor without delivery to the grantee or anyone for him, passes no title.

STRATTON & STEPHENSON for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In October, 1904, the appellant, Vicie Daniels Chapman, bought from appellee, William Runyons, a lot in

Williamson, W. Virginia, agreeing to pay him therefor
$1,500. No part of the purchase price was paid at the
time, but she executed three notes for $333.33 each, and
in addition thereto assumed the payment of a purchase
money lien which Runyon owed on another lot, amount-
ing to $500.

No part of the purchase money having been paid, in
June or July, 1905, by certain proceedings in the Mingo
County, W. Virginia circuit court, a judgment was had
on the notes, and the lot sold to satisfy the same to-
gether with the $500 debt assumed as a part of the con-
sideration. The sale of the lot did not produce a suffi-
cient amount to pay the whole of the lien debt together
with interest and cost, and two of the notes for $333.33
each remained unpaid.

On the 9th of June, 1911, this action was instituted in
the Pike Circuit Court against Vicie Daniels Chapman
asking for a judgment on the two unpaid notes, and
grounds of attachment having been stated in the peti-
tion, a general order of attachment against her property
was that day issued and placed in the hands of the sheriff
of Pike County.

She answered, pleading the payment of the notes by
the sale of the West Virginia property.

The general order of attachment which came to the
hands of the sheriff of Pike County on the 9th day of
June, 1911, was thereafter levied by said sheriff on the
10th of July, 1911, on the one-thirteenth undivided in-
terest of Vicie Daniels Chapman, in a tract of land in
Pike County which she had inherited upon the death of
her father, William Daniels.

On the 17th day of June, 1911, eight days after the
general order of attachment had come to the hands of
the sheriff, Vicie Daniels Chapman filed with the clerk
of the Pike County Court for record a deed dated the
9th day of October, 1905, and acknowledged by her on
the 13th day of April, 1910, wherein she had conveyed
her interest in the lands so levied on to her illegitimate
son, the appellant, Frank A. Daniels for the recited con-
sideration of one dollar and love and affection.

At a subsequent term of the court appellee amended
his petition and made the said Frank A. Daniels a party
defendant, asserted his attachment lien on the interest
of Vicie Daniels Chapman in the said land, and asked
that the conveyance to Frank A. Daniels be declared
voluntary and fraudulent.

To this amendment Frank A. Daniels and his guardian *ad litem* answered, and alleged that he and his deceased sister, Dixie Daniels, were the illegitimate children of Vicie Daniels Chapman, and that their father's name was Ferrell, and that their said father had placed in the hands of their mother previous to 1905 a fund of $2,000 to be by her used for the benefit of her said two children; that their mother had previous to 1905 invested said fund and had lost the greater part of it in the investment and had expended the balance; that in October, 1905, their said mother, to reimburse them for the said fund so lost and expended by her had executed a deed to said children, conveying to them for that purpose her one-thirteenth undivided interest in the lands of William Daniels, which she had inherited from him, and which the plaintiff was seeking in this action to subject to the payment of his debt; that thereafter his said infant sister, Dixie Daniels, died, and that after her death, and on the 13th day of April, 1910, his said mother caused to be stricken out of said deed, which had never been recorded, the name of Dixie Daniels, and then reacknowledged the same, whereby her whole interest in said land was conveyed to said Frank A. Daniels.

In February, 1912, a personal judgment was rendered by the Pike Circuit Court against Vicie Daniels Chapman for the amount of the two notes sued on, but there is no appeal from that judgment; and in April, 1914, the court entered a judgment cancelling the deed from Vicie Daniels Chapman to Frank A. Daniels, and subjected the one-thirteenth undivided interest of Vicie Daniels Chapman in the William Daniels lands to the payment of the attachment lien so acquired by the plaintiff Runyons, and from this last judgment Frank A. Daniels and Vicie Daniels Chapman appeal.

The first ground for reversal is that the notes sued on were merged in the West Virginia judgment upon its rendition, and that no action can now be maintained upon the same notes which were the subject of the West Virginia judgment.

Undoubtedly this is true if the record was in such shape as to authorize Vicie Daniels Chapman to now make that question; but the personal judgment of February, 1912, rendered against her on these two notes in the Pike Circuit Court was not excepted to by her and she is not now appealing from that judgment. It can now avail her nothing that the Pike Circuit Court rendered

against her an erroneous judgment from which she has not appealed.

On the 15th day of June, 1911, the appellee filed his notice in the county clerk's office, giving the description of the William Daniels land upon which he claimed to have acquired a lien because of the attachment in the hands of the sheriff.

The original petition, under which the general order of attachment was issued, did not describe the William Daniels land, and it is therefore urged that it could not operate as a *lis pendens* lien thereon. But there is no question of *lis pendens* under our statute requiring notice; for there is no subsequent purchaser asserting title to or interest in the Wm. Daniels land upon which the attachment operated upon its delivery to the sheriff. The only question is whether at the time the attachment came to the hands of the sheriff the title to the property had passed from Vicie Daniels Chapman to Frank A. Daniels. The appellant Frank A. Daniels is asserting a claim under a conveyance made long before the issual of the attachment, but recorded eight days thereafter.

The William Daniels land was wholly in Pike County, and under the express provisions of Section 212 of the Civil Code, the plaintiff's attachment lien was binding thereon from the time the order of attachment was placed in the hands of the sheriff, and the fact that the lien was not perfected until the 10th day of July when the attachment was actually levied on the land, can in no wise affect the validity of the attachment lien under that Code provision.

The evidence of Vicie Daniels Chapman shows that she first executed the deed to her children in October, 1905, and that after the death of Dixie Daniels she again re-executed the same in April, 1910, when she took it to the deputy county court clerk; and she further testifies that she first filed the same with the county clerk of Pike County on the 17th day of June, 1911, for record. There is no evidence that this deed was ever delivered to either of the children or to any one for them; on the contrary, from her evidence, it is apparent that at all times until the 17th day of June, 1911, she retained possession of the deed. The mere execution of a deed by the grantor and the retention of the possession of it without delivery to the grantee or to anyone for him, passes no title. Under such circumstances the grantor may at any time destroy the instrument which has never

become effectual. Under the statement of Vicie Daniels Chapman herself there was no delivery of the deed until the 17th of June, 1911, when she caused it to be recorded, and at that time the attachment lien of the appellee had already bound the property under the terms of Section 212 of the Civil Code.

The judgment of the Chancellor was correct, and it is affirmed.