Louise B. MAZZA, Appellant,

v.

Clarence G. PECHACEK, Guardian ad Litem for Louise B. Mazza, Appellee.

No. 13004.

United States Court of Appeals District of Columbia Circuit.

Argued May 11, 1956.

Decided June 7, 1956.

Mr. Milton I. Baldinger, Washington, D. C., for appellant.

Mr. Clarence G. Pechacek, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant is the subject of a petition, filed by one of her children, asking the District Court to appoint a conservator of appellant's estate because of her inability to care for her property due to advanced age and physical incapacity.

Section 21–502, D.C.Code (Supp. III, 1951) provides: " * * * The court in its discretion may appoint some disinterested person to act as guardian ad litem in any proceeding hereunder. Upon a finding that the person for whom the conservator is sought is incapable of caring for his property, the court shall appoint a conservator who shall have the charge and management of the property of such person subject to the direction of the court." The District Court, pursuant to this statute, appointed appellee guardian ad litem to represent appellant in the conservatorship proceedings.

Appellant, who is also represented by private counsel of her own selection, urges this court to reverse the appointment of appellee as guardian ad litem on the ground that appellee declines to associate himself with appellant's position in opposition to the petition for a conservator, and that, on the contrary, as appellee concedes (appellee's brief, p. 7) "he believes [appellee's duties as guardian ad litem] are reduced to those of a neutral party * * *."

The selection and supervision of a guardian ad litem under this statute are matters within the sound discretion of the trial court. The appellant has been free to select private counsel of her

own *choice* to advocate her position. No one does or can challenge such right.

We see no abuse of discretion and the order of the District Court is Affirmed.