**SHENANDOAH CORPORATION,**
**Appellant,**

v.

**E. Franklin JACKSON, Appellee.**

**No. 16329.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1961.

Decided Jan. 11, 1962.

Petition for Rehearing Denied
Jan. 31, 1962.

---

Mr. Nathan L. Silberberg, Washington, D. C., for appellant.

Mr. George A. Parker, Washington, D. C., with whom Mr. Barrington D. Parker, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

The will of Mary Mason Jones, probated April 7, 1955, devised and bequeathed the entire residue of her estate, real and personal, to her husband Rev. William R. Jones. On August 22, 1955, appellee was appointed conservator of the estate of Mr. Jones, whose guardian *ad litem* had informed the court that Mr. Jones was incapable of handling his own affairs. D.C.Code § 21–501 (1951, Supp. VIII).

On March 12, 1959, the Commissioners of the District of Columbia conveyed to appellant Shenandoah Corporation, pursuant to a tax sale, a lot at 1129 24th Street, N. W., in Washington, D. C., which had come to Mr. Jones under the residuary clause of his wife's will. On January 27, 1960, the District Court authorized and directed appellee to sue appellant for redemption of this property. D.C.Code § 21–503 (1951, Supp. VIII). Appellee filed this suit three days later. This appeal is from a judgment for appellee, the plaintiff in the redemption suit. We find no error.

Persons under a legal disability have one year after its removal to redeem property from a tax sale. D.C.Code § 47–1003 (1951). As the District Court said, "Neither the conservator nor his ward must wait for the removal of the legal disability to redeem the property. Section 47–1003 does not set a time certain for redemption, but it does set out the limits of the period of redemption. To refuse the conservator a right to redeem in a proper case because he is a conservator would defeat the very purpose of his existence."

Affirmed.