**Griffith J. DAVIS, Appellant,**

v.

**Beatrice CORRIN, Appellee.**

**No. 21635.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 22, 1969.

Decided June 11, 1969.

---

Mrs. Dovey J. Roundtree, Washington, D. C., for appellant.

Mr. Bernard S. Gild, Washington, D. C., for appellee.

Before WRIGHT, LEVENTHAL and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

Appellee petitioned the District Court for the appointment of a conservator for the person and property of Muriel C. Davis, her daughter.[1] Appellant, Mrs. Davis' husband, is a foreign service officer employed by the Agency for International Development, and at the time was on assignment to duty in Nigeria. The petition alleged that Mrs. Davis was a resident of the District of Columbia but that she was then being cared for in appellee's home in East Orange, New Jersey, following her release from a hospital after treatment for mental illness. As the basis for the appointment, the petition averred that Mrs. Davis, by reason of her mental illness, was unable to properly manage her property.[2]

Upon the filing of the petition, the District Court appointed appellee as temporary conservator for Mrs. Davis,[3] and a member of the bar as her guardian ad

1. See D.C.Code §§ 21–1501 to 21–1507 (1967 ed.).

2. See D.C.Code §§ 21–1501, 21–1502(b) (1967 ed.). The petition further alleged that appellant had failed to properly support his wife, and sought authority for the conservator to institute a suit against appellant to enforce his obligation in that regard. Compare D.C.Code §§ 21–1503, 21–1506 (1967 ed.).

3. See D.C.Code § 21–1505 (1967 ed.).

litem.[4] The court's order fixed a date for a hearing, and directed service of a notice thereof on Mrs. Davis and on appellant.[5] At the hearing, conducted as scheduled, the guardian ad litem submitted his report and his unqualified recommendation that a permanent conservator be appointed as sought, and this the court announced it would do. Three days later, however, and prior to any order actualizing the announcement, appellant filed a motion in opposition to the petition. Therein he stated that he had not been notified of the hearing, and that he and his wife were residents of New Jersey. The motion requested that the court stay the entry of an order of appointment, and that the petition be dismissed.

The District Court, on the same day, denied appellant's motion and entered an order appointing appellee the "Conservator of the real and personal property of" Mrs. Davis [6] and "as the person responsible for [her] personal welfare. * * *"[7] Shortly thereafter, appellant moved for reconsideration, impugning the order of appointment on claims of residence of the parties in New Jersey and omission of notice to him of the hearing. The court, finding that Mrs. Davis was a resident of the District of Columbia and concluding that notice of the hearing had been duly served, denied the motion.

■ Appellant presents, in the main, two contentions demanding our consideration. The first is that the District Court lacked jurisdiction to appoint a conservator for his wife because both she and he were nonresidents of the District of Columbia. The court, however, was statutorily empowered to appoint a conservator for the property of "an adult residing in or having property in the District of Columbia [who] is unable, by reason of * * * mental illness, * * * properly to care for his property,"[8] and to "order that the conservator * * * shall be responsible for the personal welfare of the person whose property is under conservatorship. * * *"[9] The court found that Mrs. Davis was a resident of the District and on the whole record we cannot say that the finding was clearly erroneous. Moreover, the statute confers jurisdiction for the appointment of conservators not only for resident District property owners but also for nonresidents "having property" within the District,[10] and at the time of the appointment Mrs. Davis was coowner with appellant of real estate situated here.[11] It follows, from either or both of these circumstances, that the District Court had jurisdiction to entertain the petition.

■ Appellant's second contention is that he was an indispensable party to the proceeding leading to the appointment of the conservator and that failure to notify him of the hearing vitiated that proceeding. The relevant statutory requirement is that the District Court "shall cause at least 14 days' notice [of the hearing] to be given to the person for whom a conservator is sought to be appointed, if he is not the petitioner, and to such other persons as the court directs."[12] As we have stated, the order fixing the hearing date specified that notice thereof be served on appellant, and the record discloses that counsel for appellee sent the notice intended for appellant by certified mail to the residence of his mother, who refused to accept it. Counsel told the District Court that this

---

4. See D.C.Code § 21–1502(b) (1967 ed.). See also Price v. Williams, 129 U.S.App. D.C. 239, 241, 393 F.2d 348, 350 (1968); Mazza v. Pechacek, 98 U.S.App.D.C. 175, 233 F.2d 666 (1956).

5. See D.C.Code § 21–1502(a) (1967 ed.).

6. See D.C.Code § 21–1502(b) (1967 ed.).

7. See D.C.Code § 21–1506 (1967 ed.). The order also authorized the conservator to bring suit in her behalf for maintenance. See note 2, *supra*. Compare Shenandoah Corp. v. Jackson, 111 U.S.App.D.C. 410, 298 F.2d 324, cert. denied 370 U.S. 909, 82 S.Ct. 1255, 8 L.Ed.2d 403 (1962).

8. D.C.Code § 21–1501 (1967 ed.).

9. D.C.Code § 21–1506 (1967 ed.).

10. D.C.Code § 21–1501 (1967 ed.).

11. See note 21, *infra*, and accompanying text.

12. D.C.Code § 21–1502(a) (1967 ed.).

was done because he did not have appellant's Nigerian address and that the mother's was the last address for appellant of which he had knowledge.[13]

It is clear to us that appellant was not an indispensable party in the sense that his presence in the proceeding was essential to its validity. The statute does not explicate that requirement, and we are unable to imply it from a law so plainly designed to provide a simple procedure, and one which is expeditious in circumstances truly exigent.[14] The statute positively enjoins notice only to "the person for whom a conservator is sought, if he is not the petitioner," [15] and merely authorizes notice to others as the court may direct.[16] Notice to Mrs. Davis was one thing;[17] apart from a legislative mandate, notice to her husband, though highly desirable, was legally quite a different thing. The District Court very properly endeavored to have appellant notified of the hearing, and a different method of executing the court's direction may have been successful.[18] We do not, however, read the statute as imposing the desideratum of actual notice to him as an imperative condition to the court's exercise of jurisdiction. And since the court accepted the efforts of appellee's counsel as a satisfactory compliance with its order, we are hardly in position to demand more.

▇ Nonetheless, we do not close the book on the case at this point, for while it was pending this appeal the parties' situation has altered substantially. Appellant, we are informed, has returned to the United States and is currently residing in New Jersey. In that state, Mrs. Davis also remains in abode with her mother. With both parties now absent from the District of Columbia for the foreseeable future, the nexus between the instant problem and this community has minimized; New Jersey has become the sovereign of greater concern. While our statute empowers the court to commit to a conservator responsibilities concerning the personal welfare of the person whose property is under conservatorship,[19] the primary function of a conservatorship is the preservation of the property.[20] A committeeship or its New Jersey equivalent may now be more fitting than is a District of Columbia conservatorship. Indeed, in the circumstances related to us, any real need for a conservator to protect the parties' single asset in the District may be open to question.[21] To the end that the District

13. See note 18, *infra*, and accompanying text.

14. See Price v. Williams, *supra* note 4, 129 U.S.App.D.C. at 241, 393 F.2d at 350.

15. D.C.Code § 21–1502(a) (1967 ed.).

16. *Id.*

17. See, *e. g.*, McGee v. Hayes, 127 Cal. 336, 59 P. 767, 768 (1899); McKinstry v. Dewey, 192 Iowa 753, 185 N.W. 565, 569, 23 A.L.R. 587 (1921); Jasperson v. Jacobson, 224 Minn. 76, 27 N.W.2d 788, 793 (1947); Donaldson v. Winningham, 48 Wash. 374, 93 P. 534, 535 (1908).

18. Appellant argues that his Nigerian address could have been obtained by inquiry at the Agency for International Development, his employer.

19. D.C.Code § 21–1506 (1967 ed.).

20. Inability of the person for whom the conservatorship is sought to properly care for his property, despite the intensity of his mental illness, is a condition precedent to the appointment of a conservator. D.C.Code §§ 21–1501, 21–1502(b) (1967 ed.) The only duties of the conservator the statute particularizes relate to the handling and preservation of property. D.C.Code §§ 21–1502(b), 21–1503 (1967 ed.). A conservatorship may be terminated "[w]hen a person for whom a conservator has been appointed * * * becomes competent to manage his property * * *." D.C.Code § 21–1504 (1967 ed.). Only incidentally, it appears, is the court to delegate duties related to that person's welfare to the conservator. See D.C.Code § 21–1506 (1967 ed.).

21. The parties own as tenants by the entireties a single parcel of real estate in the District, and that is under lease to the Embassy of Ghana through an agent having *general management* powers. This is the only substantial asset here in which Mrs. Davis is legally interested. While the record alludes to some personal articles of hers, their value is concededly nom-

Court may consider the change in the parties' circumstances, we remand the case to it.[22]

Remanded.

inal and, perhaps significantly, the guardian ad litem reported to the court that he discovered no personal property at all.

22. See 28 U.S.C. § 2106 (1964).