418 F.2d 1162
 135 U.S.App.D.C. 326
 In re Appointment of a Conservator for Burke JUSTICE, Jr.,
Marguerite Justice, Successor Conservator of the
Estate of Burke Justice, Jr., Adult
Ward, First National Bank of
Washington, Appellant.
 No. 22195.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 17, 1969.
Decided Sept. 15, 1969.
 
 Mr. Dennis T. Koromzay, Washington, D.C., for appellant.
 Mr. Dorsey Evans, Washington, D.C., for appellee.
 Before BAZELON, Chief Judge, and ROBINSON and ROBB, Circuit judges.
 ROBB, Circuit Judge:
 This is an appeal from an order of the District Court in a conservatorship proceeding. The appellant, The First National Bank of Washington (the Bank) contends that the District Court abused its discretion in refusing to direct the conservator of the estate of Burke Justice, Jr., adult ward, to pay a judgment obtained by the Bank against the ward. We affirm.
 The facts are not in dispute. In 1961 the District Court appointed a conservator of the estate of Burke Justice, Jr., an incompetent veteran (D.C.Code 1961 ed. Secs. 21-501 to 21-507, now D.C.Code 1967 ed. Title 21, Chapter 15, Secs. 21-1501 to 21-1507). The conservator opened and thereafter maintained his conservationship account in the appellant Bank. The account was carried in the name of the conservatorship estate, by the conservator, and the only authorized signature was that of the conservator.[1] Although he was not authorized to do so by the Bank's signature card the ward, Burke Justice, Jr., in 1963 drew checks on the account in the amount of $1415.00, which checks were honored by the Bank. Thereafter the conservator brought suit against the Bank in the Court of General Sessions, to recover for the estate the money wrongfully paid out by the Bank on the ward's checks. The Bank impleaded Burke Justice, Jr., who appeared by counsel. The Court of General Sessions entered judgment in favor of the conservator and against the Bank in the amount of the checks paid by the Bank, $1415.00, together with the conservator's costs. The court also entered judgment against Burke Justice, Jr., and in favor of the Bank in the amount of $1415.00, with interest and costs. However, the court explicitly recognized that the final decision whether the conservatorship estate should pay the judgment against Mr. Justice was an issue cognizable only in the United States District Court. (G.S. 14690-66, TR. 27-28).
 
 
 1
 Having paid the judgment against it and in favor of the conservator, the Bank demanded that the conservator pay the judgment in its favor and against Burke Justice, Jr. The conservator refused. The Bank thereupon filed its petition in the conservatorship proceeding in the District Court for an order directing the conservator to pay the judgment. The District Judge correctly noted that while the District Court had no authority to open or vacate a judgment of the Court of General Sessions, it had 'authority of a plenary and continuing character over the conservatorship and the conservator.' Pursuant to such authority the court denied the petition and this appeal followed.
 
 
 2
 The Bank's petition was addressed to the sound discretion of the District Court. See Price v. Williams, 129 U.S.App.D.C. 239, 393 F.2d 348 (1968); Mazza v. Pechacek, 98 U.S.App.D.C. 175, 233 F.2d 666 (1956); D.C. Code, 1967 ed. Secs. 21-1502(b), 21-1503. The Bank argues that there was an abuse of discretion by the District Judge since there were sufficient funds in the ward's estate to pay the judgment while, at the same time, maintaining the ward. The argument overlooks the purpose of the conservatorship statute which is to preserve the estates of persons who are unable to manage their own property. See Rossi v. Fletcher, 135 U.S.App.D.C. , 418 F.2d 1169, decided June 27, 1969. This protective purpose would be frustrated and the statute would be emasculated if a bank which wrongfully pays checks issued by a ward, and which is required to reimburse the ward's estate, were then permitted to call upon the estate for reimbursement in the same amount, thus accomplishing indirectly what the bank could not do directly. We conclude that the District Court wisely exercised its discretionary authority over conservatorship matters by effectuating the protective purpose of the statute.
 
 
 3
 We need not pass on appellant's contention that a contract is void under 21 D.C.Code, 1967 ed. Sec. 1507 only when a lis pendens has been filed, because appellant had actual notice from its own records of the existence of the conservatorship and the fact that the ward was not authorized to sign checks on the estate account. Since the purpose of filing a lis pendens is, at least in part, to give constructive notice of a pending suit or petition, Moses v. Boss, 63 App.D.C. 381, 382, 72 F.2d 1005 (1934); Allstate Finance Corp. v. Zimmerman, 272 F.2d 323, 325 (5th Cir. 1959); Dice v. Bender, 383 Pa. 94, 117 A.2d 725, 726-727 (1955), it is established that the filing of a lis pendens is not required as against one who has actual notice of the suit or petition. See, e.g., Stanton v. Stanton, 146 Neb. 71, 18 N.W.2d 654 (1945); Peck v. Trail, 251 Ky. 377, 65 S.W.2d 83 (1933). See generally 3 M. Merrill, Notice, Sec. 1190 (1952); cf. United States Trust Co. v. David, 36 App.D.C. 549, 557-558 (1911). In any event, whether the judgment against the ward was proper or not, it is plain that the Bank with its eyes open violated its duty to its depositor, the estate; and having done so it should not be allowed to charge the estate for its own error.
 
 
 4
 We conclude that there was no abuse of discretion by the District Court and accordingly we affirm the judgment.
 
 
 5
 Affirmed.
 
 
 6
 SPOTTSWOOD W. ROBINSON, III, Circuit Judge (concurring):
 
 
 7
 Despite some differences in the formulation of a decisional basis, I concur unreservedly in affirmance of the District Court's refusal to direct the conservator to pay the Bank's judgment against the ward. This I do without reaching any question as to the enforceability of the judgment in a context outside the on-going conservatorship.[1] The issue, as I see it, is not the validity of the judgment, but whether the District Court erred in disallowing is satisfaction out of the assets in conservatorship. The circumstances portrayed by the record persuade me to the view that that question must be answered firmly in the negative.
 
 
 8
 The Bank contends primarily that the District Court had no discretion in regard to the petition for payment. Discharge of the judgment by resort to the ward's estate, so the argument runs, was a necessary incident of the outstanding judgment against the ward, and a result the court was unable to avoid. Alternatively, assuming a discretion, the Bank urges that the District Court abused it. The sole reason assigned in support of this position is that enough money would have remained after liquidation of the judgment to adequately maintain the ward and his family. I cannot accept either of the Bank's propositions.
 
 
 9
 It is clear to me that the District Court had broad discretion to determine whether the judgment would be acquitted from estate funds. It is elemental in American law that as to property in custodia legis-- including that in conservatorship[2] -- a judgment does not possess its normal incidents. Moreover, our conservatorship statute[3] confirms the District Court's power and duty to protect the estate in conservatorship. The conservator is invested with 'control of the estate, real and personal, of the' ward,[4] and that control is subjected to the District Court's supervision. The conservator can pay debts of the ward only 'upon authority of the court;'[5] even so vital a matter as the support and maintenance of the ward and his family is to be accommodated 'as the court authorizes.'[6] I agree fully with the District Court that notwithstanding the judgment it had 'authority of a plenary and continuing character over the conservatorship and the conservator.' And I unhesitatingly join my colleagues in holding that payment of the Bank's judgment from the assets administered by the conservator could occur, if at all, only upon a sound exercise of the court's discretion to that end.
 
 
 10
 With that caliber of supervisory power residing in the District Court, I have no problem with the way the court exercised it. The Bank's factual premise-- that satisfaction of the judgment would not jeopardize the future support of the ward and his family-- is left dubious by record disclosures strongly suggesting that their support from the income of the conservatorship is already a marginal operation.[7] And even if the Bank's premise were correct, neither the District Court nor we could ignore a legislative policy to protect the ward's estate from detrimental consequences of the ward's own improvident acts.[8] Such a policy is evident, I think, from the congressional dictate that during the conservatorship the ward's property transfers and contracts not for necessaries are void.[9] Only a doctrine foreign to our jurisprudence could foreclose the District Court from weighing that consideration as a factor bearing importantly on an exercise of discretion.[10] And only a singular act of unwisdom could induce the court to shut its eyes to the role played by the Bank's own error and the procedural techniques it devised to circumvent it.
 
 
 
 [1]
 The signature card by which the account was opened is captioned 'Estate of Burke Justice, Jr., By John A. Shorter, Jr., Conservator-- Estate Account.' It provides that The First National Bank of Washington is authorized to recognize only the signature of John A. Shorter, Jr., Conservator. See file in G.S. 14690-66, made a part of the record before this Court by agreement of counsel
 
 
 [1]
 I intimate no view on that question
 
 
 [2]
 E.g., Lea v. Strebe, 201 Cal.App.2d 227, 20 Cal.Rptr. 20, 22 (1962); Grant v. Humbert, 114 App.Div. 462, 100 N.Y.S. 44, 48 (1911)
 
 
 [3]
 D.C.Code 21-1501 to 21-1507 (1967)
 
 
 [4]
 D.C.Code 21-1503 (1967)
 
 
 [5]
 Id
 
 
 [6]
 Id
 
 
 [7]
 The Bank's petition was filed in the District Court on February 15, 1968, and was denied on June 6 of that year. The record reveals a balance in the conservator's hands of only $2,238.25 on December 31, 1967, and the Bank sought payment of a judgment of $1,415, plus interest and costs. It appears that the ward's sole income is a monthly Veterans Administration benefit of $381, and that from that sum the court regularly authorizes expenditures of $260 per month for maintenance of the ward, his wife and children, and $100 per month for rent. Additional expenditures must, of course, be made for administration expenses and sundry items
 
 
 [8]
 Rossi v. Fletcher, 134 U.S.App.D.C. , 418 F.2d 1169 (June 27, 1969) at 3
 
 
 [9]
 'Upon the filing of a petition under this chapter, a certified copy of the petition may be filed for record in the office of the Recorder of Deeds of the District of Columbia. If a conservator is appointed on the petition, all contracts, except for necessaries, and all transfers of real and personal property made by the ward after the filing and before the termination of the conservatorship are void.' D.C.Code 21-1507 (1967). See also note 10, infra
 
 
 [10]
 I join in the court's exposition, supra pp. 4-5, concerning the failure to file a lis pendens, which in my view would not affect the legislative policy underlying D.C.Code 21-1507 as a factor in the discretionary exercise